**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DANNY DOMINGUEZ, ELOINAI FERNANDEZ AND ANGEL DIAZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOSE FIGUEROA SANCHA, et al.<br><br>        Defendants. | Civil No. 12-1707 (PG) |

**OPINION AND ORDER**

Co-Defendants José Figueroa Sancha ("Figueroa Sancha"), Emilio Díaz Colón ("Díaz Colón) and Guillermo Somoza Colombani ("Somoza Colombani")(collectively, the "defendants") filed a **Motion for Judgment on the Pleadings** (Docket No. 62). They ask the Court to find that the complaint fails to state factual grounds regarding their personal involvement in the alleged violation of the plaintiffs' civil rights.

For the reasons stated herein, we **GRANT** the request.

**I.**
**Background**

Plaintiffs filed the Complaint on August 27, 2012. Docket No. 1. The complaint alleges, in pertinent part, that defendants Figueroa Sancha, Díaz Colón and Somoza Colombani failed to supervise, train, discipline and control their subordinates. On February 22, 2013, several defendants, including Figueroa Sancha, Díaz Colón and Somoza, filed a Motion to Dismiss. Docket No. 12. They claimed, *inter alia*, that Eleventh Amendment Immunity barred any claims against the defendants in their official capacities. They also claimed that plaintiffs had failed to state a cause of action under 42 U.S.C. §1983. On September 30, 2014, the Court entered an Order granting in part and denying in part the motion to dismiss. Docket No. 40.

On April 28, 2015, the defendants filed the Motion for Judgment on the Pleadings. Docket No. 62. Plaintiffs filed an opposition.

Docket No. 73. Defendants replied. Docket No. 77. A surreply followed. Docket No. 81.

## II.
## Legal Standard

Fed.R.Civ.P. 12(c) allows a party, "[a]fter the pleadings are closed but within such time as not to delay the trial, [to] move for judgment on the pleadings." Courts treat a Rule 12(c) Motion for Judgment on the Pleadings "very much like a Rule 12(b)(6) motion to dismiss." Pérez-Acevedo v. Rivera Cubano, 520 F.3d 26, 29 (1st Cir. 2008). Moreover, a court may not grant a defendant's Rule 12(c) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

To properly assess a Motion under Rule 12(c), the trial court must accept all of the nonmovant's well-pleaded factual averments as true. Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988).

## II.
## Discussion

The Complaint's only allegations against Figueroa-Sancha, Diaz-Colon and Somoza-Colombani is that they were "ultimately responsible for the training, supervision, discipline, control and conduct of [their] subordinates." See Docket No. 1 at ¶8, 10 and 12.

The defendants assert that those skeletal allegations are not enough to survive 12(c) scrutiny. According to defendants, because the theory of *respondeat superior* is not applicable in §1983 suits, plaintiffs had to plead that each government official, through his own individual actions, had violated the Constitution.

Plaintiffs respond that the Court had already addressed the issue in its Opinion and Order of September 30, 2014 ("O&O"). The O&O stated that further factual development was needed to reach a qualified immunity determination as to the government officials and thus, the Court did not dismiss the claims as to those defendants. See Docket No. 40 at page 11. Thus, plaintiffs aver that they met their pleading burden for a §1983 action.

It is a well-established doctrine that a superior officer cannot be held vicariously liable under 42 U.S.C. §1983 on a *respondeat superior* theory. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). Hence, any claims against co-defendants Figueroa Sancha, Díaz Colón and Somoza Colombani in their official capacity cannot stand.

However, a superior officer may be found liable under §1983 in his/her personal capacity. ("Although a superior officer cannot be held vicariously liable under 42 U.S.C. § 1983 on a respondeat superior theory, he may be found liable under section 1983 on the basis of his own acts or omissions.") Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581-82 (internal citations omitted).

"One way in which a supervisor's behavior may come within this rule is by formulating a policy, or engaging in a custom, that leads to the challenged occurrence." Id. (citing Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 2436-37, 85 L.Ed.2d 791 (1985)). A supervisor "may be held liable for what he does (or fails to do) if his behavior demonstrates deliberate indifference to conduct that is itself violative of a plaintiff's constitutional rights." Id. (citations omitted). Nevertheless, § 1983 liability cannot rest solely on a defendant's position of authority. Ramirez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 16 (1st Cir. 2011)).

"To succeed on a supervisory liability claim, a plaintiff not only must show deliberate indifference or its equivalent, but also must affirmatively connect the supervisor's conduct to the subordinate's violative act or omission." Maldonado-Denis, 23 F.3d at 582 (citations omitted). To satisfy the causation requirement, the plaintiff need not establish that the supervisor participated directly in the conduct, "a sufficient casual nexus may be found if the supervisor knows of, overtly or tacitly approved of, or purposely disregarded the conduct." Id. (citing Larez v. Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Lipsett v. University of Puerto Rico, 864 F.2d 881, 902-03 (1st Cir. 1988)).

Moreover, "the plaintiff must show that the official had actual or constructive notice of the constitutional violation." Ramirez-Lluveras, 759 F.3d at 20 (internal citations omitted).

Taking that framework as a roadmap, the Court concludes that plaintiffs did not substantiate their claims against co-defendants. There is no specific allegation as to how the co-defendants had actual or constructive notice of the constitutional violation. Moreover, plaintiffs have not established the "strong causal connection" required under Ashcroft v. Iqbal, 556 U.S. 662 (2009), between the supervisor's conduct and the constitutional violation. See Ramirez-Lluveras, 759 F.3d at 19 ("After Iqbal, as before, we have stressed the importance of showing a strong causal connection between the supervisor's conduct and the constitutional violation.").

Aside from the allegation that the prosecutor insisted on the case because there were instructions "coming straight from San Juan," nothing else in the Complaint points to an affirmative link between the behavior of the subordinates and the action or inaction of the supervisors. And even that allegation does not link those particular defendants to the civil rights violation that is at the heart of this case. Moreover, there is no indication of an "known history of widespread abuse sufficient to alert a supervisor to ongoing violations." Maldonado-Denis, 23 F.3d at 582.

### IV.

### Conclusion

In light of the above, the Court **GRANTS** defendants' Motion for Judgment on the Pleadings. The claims against José Figueroa Sancha, Emilio Díaz Colón and Guillermo Somoza Colombani are **DISMISSED WITHOUT PREJUDICE.**

**IT SO ORDERED.**

In San Juan, Puerto Rico, October 30, 2015.

            **S/ JUAN M. PÉREZ-GIMÉNEZ**
            **JUAN M. PÉREZ-GIMÉNEZ**
            **UNITED STATES DISTRICT JUDGE**